**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2295-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DWAYNE S. JOHNSON,

     Defendant-Appellant.

_____

Submitted January 8, 2020 – Decided May 27, 2020

Before Judges Fuentes and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-07-1643.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Dwayne S. Johnson appeals from the order of the Criminal Part denying his petition seeking post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On July 12, 2013, an Essex County grand jury returned an indictment against defendant charging him with murder, N.J.S.A. 2C:11-3a(1) and N.J.S.A. 2C:11-3a(2), first degree felony murder, N.J.S.A. 2C:11-3a(3), and first degree robbery, N.J.S.A. 2C:15-1. Defendant was tried before a petit jury over eight nonsequential days from October 29, 2014 to November 19, 2014. The jury found defendant guilty of murder and third degree theft from the person of the victim, N.J.S.A. 2C:20-2b(2)(d), as a lesser included offense of first degree robbery.

On January 12, 2015, the trial judge sentenced defendant on the murder conviction to a fifty-year term of imprisonment with an eighty-five percent period of parole ineligibility and five years of parole supervision, as mandated by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The judge imposed a consecutive four-year term for third degree theft from the person. This court

affirmed defendant's conviction and sentence on direct appeal,[1] State v. Dwayne Johnson, No. A-2758-14 (App. Div. May 30, 2017), and the Supreme Court denied his petition for certification, 231 N.J. 320 (2017).

These are the facts that led the jury to find, beyond a reasonable doubt, that defendant purposely or knowingly murdered Terrance Everett:

> At trial, D.B. testified that at approximately 1:20 p.m. on January 7, 2013, she and A.M. were sitting in A.M.'s car, which was parked near an apartment building on Avon Avenue in Newark. She saw a man, later identified as Everett, walking in the area. She also saw defendant, who she knew, exit the building, drop his jacket, and run up to Everett and strike him. The two men began fighting, Everett fell to the ground, and defendant began hitting and kicking him. At that point, A.M. began recording the fight on his cell phone. D.B. viewed the cell phone video during her testimony and confirmed that it showed what she had witnessed. She also viewed a security camera video and confirmed it showed Everett walking in the area before the fight.
>
> The seventy-three second cell phone video showed defendant repeatedly kicking and stomping Everett in the head as Everett lay face down and motionless on the ground. Defendant then paused briefly, rifled through Everett's pockets, resumed kicking and stomping him

---

[1] Defendant was represented by counsel on direct appeal. However, defendant also filed a supplemental pro se brief in which he raised additional issues, including ineffective assistance of trial counsel. We declined to review this claim on direct appeal "because such claims involve allegations and evidence that lie outside the trial record." Johnson, slip op. at 4 (quoting State v. Castagna, 187 N.J. 293, 313 (2006)).

in the head, and then walked away and entered the apartment building he had earlier exited.

[Johnson, No. A-2758-14, slip op. at 5-6 (App. Div. May 30, 2017) (footnote omitted).]

Defendant filed this pro se PCR petition on January 8, 2018 alleging trial counsel was ineffective because he did not: (1) present a mens rea defense; (2) challenge the State's evidence before trial; and (3) object to the State's expert witness. Judge Michael L. Ravin assigned counsel to represent defendant in the prosecution of this PCR petition. On August 16, 2018, PCR counsel submitted a supplemental brief attacking the trial court's decision to allow Dr. Leanne Cronin, the State's assistant medical examiner, performed the autopsy of Terrence Everett and classified his death as a homicide.

On October 5, 2018, Judge Ravin heard oral argument from counsel. He denied the petition in an order dated October 10, 2018. Judge Ravin attached to the order a memorandum of opinion explaining the basis for his ruling. Notwithstanding the finality of the judge's order, on October 16, 2018, PCR counsel transmitted to Judge Ravin a supplemental pro se letter-brief from defendant dated October 6, 2018. PCR counsel did not seek leave from the court before submitting defendant's supplemental letter-brief. However, consistent

with the Court's holding in State v. Rue, 175 N.J. 1, 19 (2002), PCR counsel opted not to present any further oral argument in support of this position.

Judge Ravin accepted this post-argument supplemental pro se submission and issued a second order dated on November 5, 2018 supported by a memorandum of opinion that explained the basis for denying defendant PCR. Judge Ravin held that Dr. Cronin

> indicated that Mr. Everett died on the scene as a result of a fatal concussion. Mr. Everett's life was not being maintained by artificial means at the time of the autopsy. Thus, [p]etitioner has failed to establish a legal basis for his claim that Dr. Cronin was unauthorized or unqualified to testify as to the cause of Mr. Everett's death.

Judge Ravin also addressed and rejected the balance of defendant's arguments attacking defense counsel's performance at trial. Against these facts, defendant raises the following arguments in this appeal:

> POINT I
>
> AS [DEFENDANT] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, HE IS ENTITLED TO [PCR].
>
> (1) Trial counsel was ineffective by failing to move to suppress Dr. Cronin's opinion as to the cause of death on the grounds it was a net opinion.
>
> (2) Trial counsel failed to investigate and present a mental health defense.

(3) Trial counsel was ineffective when she stipulated to Dr. Thoma's testimony.

(4) Trial counsel was ineffective when she failed to argue in favor of less-included charges during summation.

(5) Trial court's cumulative errors denied [defendant] effective legal representation.

POINT II

AS THERE WERE GENUINE DISPUTES OF MATERIAL FACT, AN EVIDENTIARY HEARING WAS REQUIRED.

Defendant also raises the following arguments in a pro se supplemental brief:

POINT I     TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR NEITHER CHALLENGING NOR SUPPRESSING STATE[']S EVIDENCE BEFORE TRIAL.

POINT II    TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO INVESTIGATE AND PRESENT A VIABLE MENS REA DEFENSE.

POINT III   TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR NEITHER CHALLENGING [NOR] OBJECTING TO STATE[']S EXPERT WITNESS.

A-2295-18T3

POINT IV    TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE UPON ASSERTING THE MOTION TO SUPPRESS THE CELL PHONE VIDEO FOOTAGE.

POINT V     TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE AND ACQUIESCE [SIC] OF TESTIMONY FROM A NON-TESTIFYING WITNESS.

POINT VI    APPELLATE COUNSEL [WAS] CONSTITUTIONALLY INEFFECTIVE DUE TO HIS FAILURE TO RAISE THE ARGUMENTS ASSERTED IN THIS CLAIM.

POINT VII   MALICIOUS PROSECUTION FOR PRESENTING FRAUDULENT DOCUMENTATION AND WITHHOLDING EXCULPATORY EVIDENCE DURING THE GRAND JURY PROCEEDINGS.

POINT VIII  MALICIOUS PROSECUTION FOR INTENTIONALLY SOLICITING PERJURED TESTIMONY.

POINT IX    MALICIOUS PROSECUTION FOR SUBMITTING HIGHLY PREJUDICIAL EVIDENCE INTO TRIAL CONTRARY TO N.J.R.E. 401 AND 402, PURSUANT N.J.R.E. 403.

POINT X     MALICIOUS PROSECUTION FOR THE SUPPRESSION OF THE STATE['|S NEUROPATHOLOGIST CONTRARY TO THE STATE['|S EXPERT WITNESS IN VIOLATION OF <u>CRAWFORD v. WASHINGTON</u>, 541 U.S. 26 (2004).

We review a claim of ineffective assistance of counsel under the two-prong test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), and subsequently adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, defendant must demonstrate that defense counsel's performance was deficient. Strickland, 466 U.S. at 687. Second, he must show there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The mere raising of a claim of ineffective assistance of counsel does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). An evidentiary hearing is necessary only if a petitioner presented sufficient facts to make out a prima facie claim of ineffective assistance of counsel. State v. Preciose, 129 N.J. 451, 463 (1992); R. 3:22-10(b). Defendant's unsupported, self-serving allegations are not sufficient to satisfy this standard. We affirm substantially for the reasons expressed by Judge Ravin in his well-reasoned written opinions denying defendant's PCR petition. Defendant's remaining arguments, including those raised in defendant's pro se supplemental brief, lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2295-18T3